# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1423V

|  |  |
|---|---|
| STEPHEN RINEHART,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: May 18, 2026 |

*Jonathan Joseph Svitak, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.*

*Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.*

### **DECISION AWARDING DAMAGES**[1]

On June 2, 2021, Stephen Rinehart filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza vaccine received on September 30, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 2, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On May 18, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $47,162.23. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $47,162.23 (comprised of $45,000.00 in pain and suffering and $2,162.23 for past unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

STEPHEN RINEHART,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

No. 21-1423V (SPU)
Chief Special Master Corcoran
ECF

**RESPONDENT'S PROFFER ON AWARD OF**
**COMPENSATION[1]**

On June 2, 2021, Stephen Rinehart ("petitioner") filed a petition for compensation under the

National Vaccine Injury Compensation Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act"

or "Act"), as amended, alleging he suffered a shoulder injury related to vaccine administration

("SIRVA") as a result of an influenza ("flu") vaccination administered to him on September 30,

2020.  *See* Petition at 1.  On February 2, 2026, the Chief Special Master issued a Ruling on

Entitlement finding petitioner entitled to compensation.[2]  ECF No. 55.

I.  **Items of Compensation**

  A.  Pain and Suffering

Respondent proffers that petitioner should be awarded **$45,000.00** in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after
the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages.  However,
respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special
Master's February 2, 2026 Ruling on Entitlement, finding petitioner entitled to an award under the
Vaccine Act.  This right accrues following the issuance of the Damages Decision.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$2,162.23**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[3] a lump sum payment of $47,162.23, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to the petitioner, Stephen Rinehart:    **$47,162.23**

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

*/s/ Ryan P. Miller*
RYAN P. MILLER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station Washington,
D.C. 20044-0146
(202) 305-3027
ryan.miller2@usdoj.gov

Date: May 18, 2026

3

## CERTIFICATE OF SERVICE

I certify that on this 18th day of May, 2026, a copy of the foregoing PROFFER was served upon

Jonathan Svitak via electronic mail to: jsvitak@shannonlawgroup.com

/s/ *Ryan P. Miller*
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice

4